**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DONOVAN LAMONTE HALEY,     )  NO. CV 22-8126-SB(E)
                     )
        Plaintiff,    )
                     )
   v.               )  ORDER DISMISSING COMPLAINT
                     )
CALIF. DEPT. OF REHAB.,    )  WITH LEAVE TO AMEND
et al.,             )
                     )
        Defendants.   )
_____)

For the reasons discussed below, the Complaint is dismissed with leave to amend.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**

Plaintiff, proceeding in forma pauperis, filed a pro se civil rights Complaint on November 4, 2022.  Defendants are: (1) the California Department of Rehabilitation ("Department"); and (2) Department employee Isabel Lee, sued in her official and individual capacities.  Plaintiff purports to allege claims for asserted violations of: (1) the First Amendment; (2) Titles I and II of the

1  Americans With Disabilities Act, 42 U.S.C. section 12101 et seq.;

2  (3) section 504 of the Rehabilitation Act, 29 U.S.C. section 794; and

3  (4) California Civil Code sections 51 and 54.[1]

4

5      Plaintiff alleges:

6

7      Plaintiff is an African-American man with an

8  unspecified mental disability (Complaint, p. 9).  Plaintiff,

9  who lives below the federal poverty guidelines, qualifies

10 for Defendants' "services and programs" under Defendants'

11 rules, regulations and policies (id., p. 5).  Defendants

12 have a duty to assist all disabled African-Americans in

13 California who request aid (id.).

14

15     In June of 2020, Plaintiff sought from Defendants

16 information concerning the status of an application for

17 access to programs and services under Defendants' "self-

18 employment program" (id., p. 3).  Defendants ignored

19 Plaintiff by "failing to follow up" (id.).

20

21     In July of 2020 Plaintiff again contacted Defendants

22 concerning the status of his application and sought access

23 to services (id.).  Although Plaintiff then was told he

24 would be contacted within a week, Defendants again "failed

25

26      [1]    Plaintiff references California Civil Code sections
27 "51, 54-55.2" (Complaint, p. 10).  This reference includes
numerous provisions having nothing to do with Plaintiff's factual
28 allegations.  The Court discusses Plaintiff's apparent claims
under section 51 and section 54 below.

1    to follow up" (id.).

2

3        By letter and email, Plaintiff filed a complaint with a

4    supervisor at Defendants' Los Angeles District Headquarters

5    (id.).  Plaintiff was told he did not need to "continue the

6    complaint" because Defendants "would take care of the issue

7    internally" and "Plaintiff would receive access to specific

8    programs and services" (id.).  Plaintiff refused to withdraw

9    the complaint based on Defendants' "pattern" of failing to

10   follow up (id.).

11

12       On August 10, 2020, an employee of Defendants emailed

13   Plaintiff regarding "a virtual job fair," which had

14   "absolutely nothing to do with Plaintiff's original

15   application to have access to funding, tools, uniforms,

16   transportation funds, etc. under the self employment program

17   and other services requested" (id., p. 4).

18

19       On August 17, 2020, Plaintiff called Defendants at the

20   Department's Long Beach office to inquire regarding the

21   status of his application (id.).  Defendant Lee, acting in

22   her official capacity, told Plaintiff that she would

23   facilitate Plaintiff's request "as soon as time would

24   permit" (id.).  "As of today,"[2] Plaintiff's application

25   has not been processed and Plaintiff has not received

26   services (id.).

27   _____

28       [2]   This reference apparently means September 3, 2022 (see
     Complaint, p. 7).

On March 7, 2021, Defendant Lee called Plaintiff regarding his application for the self-employment program and services, and requested a "business plan" (id.).   On June 22, 2021, Plaintiff emailed the requested information to Defendants, and verified Defendants' receipt thereof (id.).

On June 23, 2021, Plaintiff called Defendants again (id., p. 5).  Defendant Lee asked Plaintiff if he had filed a complaint (id.).  Plaintiff said that he had done so and that he was "only seeking access to programs and services" (id.).  Lee said she would follow up with a phone call in a day or two (id.).  "As of today," Plaintiff has not received any such follow up (id.).

"On July 12, 2021, [Plaintiff] provided all documents requested of me by the Defendants.  However, Defendants have continuously ignored Plaintiff" (id., p. 8).

On July 19, 2021, Plaintiff called Defendants again inquiring into his application, but Plaintiff was ignored (id.).  On October 11, 2021, Plaintiff again contacted Defendants, "to no avail" (id.).

On February 18, 2022, Plaintiff again contacted Defendants and specifically requested services "as an African-American disabled person" (id.).  Plaintiff was told that there was no assistance for African-American disabled

4

people and that Plaintiff "needed to check with [his] local NAACP chapter" (id.). "As of today," Defendants continue to ignore Plaintiff's request for services (id., p. 9).

Plaintiff was "denied access to all services and programs in violation of well established state and federal law" (id.). Defendants "exercised a pattern" of disregarding Plaintiff's application "in violation of current well established state and federal law" (id.). Defendants used Plaintiff's race and "disability of mental illness" to deny Plaintiff access to "all services and programs in violation of current well established state and federal law" (id.). Defendants have no rules, regulations or policies precluding Plaintiff from access to the programs and services he requested (id., p. 10s).

Defendants denied Plaintiff access to programs and services in retaliation for Plaintiff's filing of a formal complaint, in violation of the First Amendment (id.). Defendants also violated the ADA, the Rehabilitation Act, and California Civil Code sections 51 and "54-55.2" (id.).

Plaintiff seeks the following relief: (1) a "declaration order pursuant to all laws enjoyed by the public"; (2) "injunctive relief granting Plaintiff access to program [sic] and services"; (3) a "daily fine" against both Defendants in the sum of $150/day; (4) compensatory damages in the sum of $250,000; and (5) punitive damages in the sum of $250,000 (id., p. 12).

**DISCUSSION**

Plaintiff may not sue the Department, a state agency,[3] in this Court.  "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not abrogate Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332, 344-45 (1979) (footnote omitted).  California has not waived its Eleventh Amendment immunity with respect to section 1983 claims. Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (citations omitted); Dittman v. State of Cal., 191 F.3d 1020, 1025 (9th Cir. 1999), cert. denied, 530 U.S. 1261 (2000).  The Eleventh Amendment also bars suits in federal court for damages against a state official, such as Defendant Lee, sued in her official capacity.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Mitchell v. Wash., 818 F.3d 436, 442 (9th Cir. 2016); Avila v. State of Cal., 2021 WL 518710, at *3-4 (C.D. Cal. Jan. 4, 2021), adopted, 2021 WL 515385 (C.D. Cal. Feb. 10, 2021), app dism'd, 2021 WL 9540025 (9th Cir. Oct. 15, 2021), cert. denied, ____ U.S. ___, 2022 WL 4656572 (U.S. 2022) ("courts have specifically found California [Department of Rehabilitation] and its employees are entitled to [immunity under the Eleventh Amendment]") (citations omitted).

///

///

---

[3]    See Cal. Welf. & Inst. Code § 19001.

1    Plaintiff's retaliation claim is legally insufficient.  "A
2 plaintiff making a First Amendment retaliation claim must allege that
3 (1) he was engaged in a constitutionally protected activity, (2) the
4 defendant's actions would chill a person of ordinary firmness from
5 continuing to engage in the protected activity and (3) the protected
6 activity was a substantial or motivating factor in the defendant's
7 conduct."  Bello-Reyes v. Gaynor, 985 F.3d 696, 700 (9th Cir. 2021)
8 (citations and quotations omitted).  Plaintiff alleges no facts
9 plausibly showing that: (1) any Defendant (or any other person)
10 engaged in any conduct which would chill a person from complaining
11 about service denials; or (2) the filing of Plaintiff's administrative
12 complaint purportedly was a substantial or motivating factor in the
13 denial of any services to Plaintiff.  Plaintiff's conclusory
14 allegations of retaliation do not suffice to state any plausible claim
15 for relief.  See Guillen v. Owens, 577 Fed. App'x 664 (9th Cir. 2014)
16 (conclusory allegations of retaliation insufficient); Williams v.
17 Harrington, 511 Fed. App'x 669, 669-70 (9th Cir. 2013) (same); see
18 generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (conclusory
19 allegations insufficient to allege a claim for relief).

20

21    The Complaint fails to allege any violation of Title I of the
22 ADA, which concerns disability discrimination in employment.  For the
23 reasons discussed below, Plaintiff's claims for alleged violations of
24 Title II of the ADA and section 504 of the Rehabilitation Act are also
25 legally insufficient.

26

27    Title II of the ADA provides that "no qualified individual with a
28 disability shall, by reason of such disability, be excluded from

7

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act provides:

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

To state a claim under the ADA or the Rehabilitation Act, Plaintiff must allege facts showing: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability. Townsend v. Quasim, 328 F.3d 511, 516 (9th Cir. 2003); see also Boose v. Tri-County Metro. Transp. Dist. of Or., 587 F.3d 997, 1001 n.5 (9th Cir. 2009) ("Because the ADA was modeled on section 504 of the Rehabilitation Act, courts have applied the same analysis to claims brought under both statutes.") (citation and quotations omitted). A plaintiff must show that the discrimination

occurred <u>solely</u> by reason of disability.  <u>Weinreich v. Los Angeles</u>
<u>Cty. Metro. Transp. Auth.</u>, 114 F.3d 976, 978-79 (9th Cir.), <u>cert.</u>
<u>denied</u>, 522 U.S. 971 (1997); <u>O'Guinn v. Lovelock Corr. Ctr.</u>, 502 F.3d
1056, 1060 (9th Cir. 2007).

"The ADA defines a disability as: [¶] (A) a physical or mental
impairment that substantially limits one or more of the major life
activities of such individual; [¶] (B) a record of such an impairment;
or [¶] (C) being regarded as having such an impairment."  <u>Wong v.</u>
<u>Regents of Univ. of Cal.</u>, 410 F.3d 1052, 1063 (9th Cir. 2005); <u>see</u> 42
U.S.C. § 12102(2); <u>see</u> <u>Toyota Motor Mfg., Ky., Inc. v. Williams</u>, 534
U.S. 184, 193 (2002).  The same definition applies in Rehabilitation
Act cases.  <u>See</u> <u>Bragdon v. Abbott</u>, 524 U.S. 624, 631-32 (1998).

Plaintiff alleges no facts plausibly showing that he suffers from
any particular disability (mental or otherwise) cognizable under the
ADA or the Rehabilitation Act.  Furthermore, Plaintiff's allegations
that Defendants purportedly discriminated against Plaintiff on account
of <u>both</u> race <u>and</u> disability fail to allege any ADA or Rehabilitation
Act violation.  Additionally, Plaintiff cannot obtain damages under
the ADA from an individual Defendant in his or her individual
capacity.  <u>See</u> <u>City & Cty. of San Francisco, Cal. v. Sheehan</u>, 575 U.S.
600, 610 (2015) ("[o]nly public entities are subject to Title II [of
the ADA]") (citation omitted); <u>Stewart v. Cal. Dep't of Educ.</u>, 493
Fed. App'x 889, 891 (9th Cir. 2012); <u>Griffin v. Kelso</u>, 2018 WL
3752132, at *7 (E.D. Cal. Aug. 8, 2018), <u>adopted,</u> 2018 WL 4613133
(E.D. Cal. Sept. 26, 2018); <u>see also</u> <u>Vinson v. Thomas</u>, 288 F.3d 1145,
1156 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1104 (2003) (plaintiff

1    could not sue public official in his or her individual capacity under
2    42 U.S.C. section 1983 for ADA violations).

3

4        Plaintiff's claim for alleged violation of California Civil Code
5    section 51 is also legally insufficient.  Section 51, the "Unruh Civil
6    Rights Act," provides in pertinent part:

7

8            (b) All persons within the jurisdiction of this state are
9            free and equal, and no matter what their sex, race, color,
10           religion, ancestry, national origin, disability, medical
11           condition, genetic information, marital status, sexual
12           orientation, citizenship, primary language, or immigration
13           status are entitled to the full and equal accommodations,
14           advantages, facilities, privileges, or services in all
15           business establishments of every kind whatsoever.

16

17   Cal. Civ. Code § 51(b).  A state agency such as the Department is <u>not</u>
18   a "business establishment" within the meaning of section 51(b).  <u>See</u>
19   <u>Brennon B. v. Super. Ct.</u>, 13 Cal. 5th 662, 678-79, 296 Cal. Rptr. 3d
20   360, 513 P.3d 971 (2022).  Although the Unruh Act provides that "a
21   violation of the right of any individual under the [ADA]" also
22   violates the Unruh Act, <u>see</u> Cal. Civ. Code section 51(f), that
23   provision likewise does not apply to state agencies.  <u>See</u> <u>Brennon B.</u>
24   <u>v. Super. Ct.</u>, 13 Cal. 5th at 692.

25

26       Plaintiff's claim for alleged violation of the California
27   Disabled Persons Act, California Civil Code section 54 ("CDPA") is
28   also legally insufficient.  The CDPA provides that "[i]ndividuals with

disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Cal. Civil Code § 51(a).  The CDPA "is intended to secure disabled persons the same right as the general public to the full and free use of facilities open to the public."  Patton v. Hanassab, 2015 WL 589460, at *6 (S.D. Cal. Feb. 12, 2015).  "Its focus is upon *physical* access to public places."  Id. (citations omitted; original emphasis).  The statute "is concerned solely with guaranteeing physical access to public spaces and not denial of services."  Montoya v. City of San Diego, 434 F. Supp. 3d 830, 849 (S.D. Cal. 2020) (citation omitted); see also Wilkins-Jones v. Cty. of Alameda, 859 F. Supp. 2d 1039, 1054-55 (N.D. Cal. 2012) (citing cases).  Plaintiff alleges only discrimination in the denial of services, and does not allege any discrimination in the provision of physical access to public spaces.  Accordingly, the Complaint does not state any claim for violation of the CDPA.

## ORDER

The Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint.  Any First Amended Complaint shall be complete in itself and shall not refer in any manner to the original Complaint.  Plaintiff may not add Defendants without leave of court.  See Fed. R. Civ. P. 21.  Failure timely to file a First Amended Complaint in

conformity with this Order may result in the dismissal of the action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behav. Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); Plumeau v. Sch. Dist. #40, Cty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

        DATED: November 22, 2022

                                        _____
                                                STANLEY BLUMENFELD, JR.
                                        UNITED STATES DISTRICT JUDGE


PRESENTED this 16th day of

November, 2022, by:


_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE